# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| DANNY D. IRICK, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV608-099 |
| UNITED STATES OF AMERICA, | ) ) ) | CR608-001 |
| Respondent. | ) ) | |

# ORDER

Danny Irick moves to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255, alleging that his counsel was ineffective for failing to file a direct appeal in his criminal case despite explicit instructions to do so. Doc. 1. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Because a defendant is entitled to a direct appeal from his conviction as a matter of right, *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that the appeal would have had merit." *Flores-Ortega*,

528 U.S. at 477. The government, citing Irick's counsel's denial that Irick sought an appeal, concedes that an evidentiary hearing is necessary to resolve that factual conflict. Doc. 3.

This case follows a familiar pattern: A defendant takes no direct appeal, then files a § 2255 motion in this Court claiming that he told his lawyer he wanted to appeal and that his lawyer dropped the ball. *See, e.g.*, *Varela-Andino v. United States*, 2007 WL 4224821 at * 1, 4 (S.D. Ga. Nov. 27, 2007) (unpublished) (recommending § 2255 relief "so that movant may pursue an out-of-time appeal" after an evidentiary hearing showed that movant had asked his attorney to appeal his conviction but counsel failed to timely comply); *Telfair v. United States*, 2008 WL 4974821 at * 4 (S.D. Ga. Nov. 21, 2008) (unpublished) (same result).

Often enough, however, the lawyer denies his own client's assertion, so the Court, as in *Varela-Andino* and *Telfair*, must resort to an evidentiary hearing to resolve the factual conflict. *See also Baughman v. United States*, 2008 WL 2620186 at * 3 (S.D. Ga. June 30, 2008) (unpublished) ("[s]ince Baughman was fully advised of his appeal rights, and since he knew that [his attorney] . . . thought that such an appeal would be futile and believed that Baughman shared this view, [counsel] did not err in failing to file a notice of appeal when his client never requested that he do so."), *certificate*

*of appealability granted,* 2008 WL 3861991 at * 3 (S.D. Ga. Aug. 18, 2008) (unpublished) (after exploring this "troubling" new area of "Ineffective Assistance" law, the Court, in an effort to curtail such claims, created a "Notice Of Counsel's Post-Conviction Obligations," to be furnished to counsel and client immediately following each conviction),[1] *aff'd,* 319 F. App'x 866, 870 (11th Cir. 2009) (district court's finding that defendant did not instruct his defense counsel to file notice of appeal was not clearly erroneous, given that counsel testified that defendant did not respond to an offer to file notice of appeal and that defendant wavered in his testimony that he instructed counsel to appeal).

Evidentiary hearings, of course, are not without expense,[2] and

---

[1] Those hand-out sheets were

> to be delivered by [the Court's] courtroom deputy, to each defense lawyer following his client's conviction. Th[ey] . . . are designed to ensure compliance with [*Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) ("counsel generally has a duty to consult with the defendant about an appeal")] and cut down on memory-eroded, § 2255 hearings on basic, simple measures that can and should be easily and timely undertaken after every conviction -- measures that should curtail § 2255 motions of this sort.

*Id.* at * 3; *see also Holloway v. United States,* 2009 WL 765010 at* 2 n. 2 (S.D. Ga. Mar. 23, 2009) (unpublished) ("The form is designed to prevent precisely these sorts of claims, and had that procedure been followed, there would be no question as to whether Holloway had waived his right to appeal.").

[2] Too, courts granting such out-of-time appeals must then comply with *United States v. Phillips,* 225 F.3d 1198, 1201 (11th Cir. 2000) ("(1) the judgment in movant's criminal

3

although this Court granted relief in two recent cases, it is nevertheless far too easy for an inmate to make such allegations -- if only to win a "field trip" from prison to court. Casual lying, of course, not only offends the justice system itself but also consumes judicial (hence, taxpayer) resources. Meaningful sanctions thus must be applied. *See, e.g., United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (indictment charging inmate with violating 18 U.S.C. § 1623(a) by knowingly lying under oath in a § 2255 motion that he was not present during his 2006 criminal trial during jury selection); *id.*, doc. 47 (guilty verdict).

Here Irick claims, under oath, that he "called Jason Craig Esq. from the county jail and asked him to appeal [his] sentence two days after [his] sentencing hearing." Doc. 1 at 7. But Craig, according to the government, "denies that Irick asked him to file a notice of appeal." Doc. 3 at 3. The Court directs Craig, within 10 days of the date this Order is served upon him, to file an affidavit on that score.[3] If Craig swears to what the

---

case should be vacated; (2) the court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant should be advised that he has ten days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure.").

[3] The Clerk shall serve attorney Craig with a copy of this Order.

4

government represents, then Irick shall have ten days to withdraw his motion should his recollection be refreshed by Craig's affidavit. If not,[4] then the Court will schedule an evidentiary hearing and appoint new counsel to represent Irick. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings; 18 U.S.C. § 3006A(g).

**SO ORDERED** this  17th  day of September, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[4] Time, of course, erodes all human memory. A factual conflict in this situation does not automatically mean that someone is lying. Honest mis-recollections happen. But so do dishonest failed-memory claims. Perjury prosecutions thus help purify pleadings. All must take "paper oaths" seriously, for an oath -- whether made in open court or in a closed prison cell -- is a solemn act on which a court depends for its core, truth-seeking function. Hence, those who swear to tell the truth must face the eventuality of apprehension and punishment for violating that oath.